Peter Strojnik
7847 N. Central Ave
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2025 SEP 11  PM 12: 49

MARGARET BOTKINS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| PETER STROJNIK,<br><br>         Plaintiff<br><br>    v.<br><br>CLEAN BOTTLING, INC. a Wyoming Corporation<br><br>         Defendant. | Case No. 25-cv-216-K<br><br>**COMPLAINT** |
|---|---|

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Peter Strojnik is a single man residing in Phoenix, Arizona.
2. Defendant Clean Bottling, Inc.'s corporate citizenship is in the State of Wyoming.
3. This Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 based on the following:
    A. Plaintiff is a citizen of the state of Arizona; and
    B. Defendant Clean Bottling, Inc. was incorporated in Wyoming making it a citizens of the State of Wyoming; and
    C. The amount in controversy, including (1) compensatory and punitive damages, (2) attorney's fees, and (3) avoidance of fraudulent transfers greatly exceed the statutory threshold of $75,000.00.
4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because Defendant's corporate citizenship is within this District.

1

## ALLEGATIONS LEADING TO THE BREACH OF CONTRACT

5. In late 2022, Plaintiff was recruited by a non-party Le Nid USA, Inc. ("Le Nid") to provide "on call" consulting services at the retainer rate of $10,000.00.
6. The Consulting Agreement was executed by one Steven Delaportas, *a/k/a* Steven *Dellaportas* (hereafter "Delaportas").
7. In July of 2023, Le Nid breached the consulting agreement with Plaintiff.
8. At the time, the claim for breach of the Consulting Agreement was valued at $180,000.00.
9. On December 4, 2025, Delaportas on behalf of Le Nid offered to settle the breach of the Le Nid Consulting agreement by payment of $60,000.00 in exchange for release of Le Nid parties. As incentive for Plaintiff to enter the settlement agreement with Le Nid, Delaportas, in his capacity as the CEO of Defendant Clean Bottling, Inc., offered to enter into a new consulting agreement between Clean Bottling, Inc. and Plaintiff for a period of one year from January 1, 2024 to December 31, 2024.
10. Plaintiff accepted the offer of $60,000 to settle and release the Le Nid claims and parties, and entered into a new consulting agreement with Defendant Clean Bottling, Inc. A copy of the written confirmation of the Clean Bottling consulting agreement is appended as Exhibit 1, *Proposed Written Confirmation of the Oral Clean Bottling Consulting Agreement.*
11. As soon as the settlement agreement with Le Nid was reached, Le Nid breached it.
12. As soon as the oral Clean Bottling Consulting Agreement was made, it was breached.

## COUNT ONE
### Breach of The Consulting Agreement

13. Plaintiff realleges all allegations stated elsewhere in this Complaint.
14. Defendant breached the Clean Bottling, Inc.'s consulting agreement with Plaintiff by its failure to perform.
15. Plaintiff has been damaged by Defendant's breach in the sum of $120,000.00.

## COUNT TWO
### Fraud –Intent to Not Perform

16. Plaintiff realleges all allegations stated elsewhere in this Complaint.

2

17. Defendant's consulting agreement with Plaintiff constituted a representation of Defendant's present intention to perform, which representation was an assertion of fact.
18. Defendant's promise to perform was made to induce Plaintiff to release the Le Nid parties.
19. Defendant's promise to perform was made with the intention of not performing as evidenced by Defendant's lack of financial ability to perform.
20. Defendant's promise of intent to perform was made with the intent that Plaintiff rely thereon.
21. Plaintiff justifiably relied on Defendant's promise of intent to perform.
22. Defendant's promise of intent to perform was false.
23. Plaintiff has been damaged by Defendant's false representation of its intent to perform in the amount of $120,000.00.
24. Defendant's misconduct was willful, wanton and fraudulent, subjecting Defendant to punitive damages in the sum sufficient to deter this Defendant and others similarly situated in an amount found appropriate, but in no event less than $50,000.00.

## COUNT THREE
## Breach Of The Covenant Of Good Faith And Fair Dealing

25. Plaintiff realleges all allegations stated elsewhere in this Complaint.
26. The consulting agreement between Clean Bottling, Inc. and Plaintiff imposed upon Defendant the duty of good faith and fair dealing in its performance and its enforcement and induced Plaintiff's justifiable expectations of performance and performance.
27. Defendant breached this duty by not intending to perform and offerred the consulting agreement only as a naked incentive to release Le Nid parties from liability.
28. Defendant's misconduct was willful, wanton and fraudulent, subjecting Defendant to punitive damages in the sum sufficient to deter this Defendant and others similarly situated in an amount found appropriate, but in no event less than $50,000.00.

3

## COUNT FOUR
### Declaratory Judgment Regarding Piercing the Corporate Veil of Clean Bottling

29. Plaintiff realleges all allegations stated elsewhere in this Complaint.
30. For Defendant Clean Bottling to be accorded treatment as a separate entity, it must exist and function as such and not be the alter ego of the person owning and controlling it and cannot be used or ignored just to fit the convenience of an owner and control person Delaportas.
31. Clean Bottling, Inc. cease to be separate from its owner and control person Delaportas because it engaged in conduct resulting in unjust or inequitable consequences.
32. Plaintiff alleges that Defendant Clean Bottling cannot be accorded treatment as a separate entity because it was/is insufficiently funded to perform its corporate functions, failed to follow corporate structure, and was used as the alter ego for Delaportas.
33. A dispute exists whether Clean Bottling, Inc. is a separate and independent entity.
34. For this reason, Plaintiff requests a declaratory judgment that at times relevant to this Complaint, Defendant cannot be accorded treatment as a distinct separate entity and that Plaintiff is entitled to pierce its corporate veil.

### PRAYER FOR RELIEF

**With Respect To COUNT ONE** (Breach of The Consulting Agreement), **COUNT TWO** (Intent to not perform), and **COUNT THREE** (Breach of Covenant of Good Faith and Fair dealing), Plaintiff requests relief as follows:

A. Compensatory damages against Defendant in the sum of no less than $120,000.00; and
B. Pre Judgment and Post Judgment interest at the highest legal rate until paid in full; and
C. Compensable costs, fees and expenses; and
D. For such other and further relief as the Court may find appropriate.

**With Respect To COUNT TWO** (Intent to not perform), and **COUNT THREE** (Breach of Covenant of Good Faith and Fair dealing), Plaintiff requests, in addition to the remedies in the preceding paragraph, an award of punitive damages against Defendant in an amount sufficient to deter this Defendant and others similarly situated from similar fraudulent misconduct in an amount no less than $50,000.

**With respect to COUNT FOUR,** Plaintiff requests a Judgment declaring that Clean Bottling is acting as the alter ego of its owner, Mr. Delaportas, and that Plaintiff may pierce Clean Bottling, Inc's corporate veil.

RESPECTFULLY SUBMITTED (MAILED) this 8th day of September 2025.

_____
Peter Strojnik
Plaintiff

Mailed this 8th day of September 2025, to:

U.S. District Court Clerk's Office
2120 Capitol Ave., Room 2131
Cheyenne, WY 82001

5

# EXHIBIT 1
## Proposed Written Confirmation of the Oral Clean Bottling Consulting Agreement

## CONSULTING AGREEMENT

This Consulting Agreement ("Agreement") is entered effective on the 1st day of January, 2024 ("Effective Date") by and between Peter Strojnik ("Consultant") and Clean Bottling, Inc. ("Clean Bottling") (collectively "Parties").

1. **RELATIONSHIP BETWEEN THE PARTIES:** Consultant is an independent contractor. Under no circumstances shall the Consultant be considered an employee of Clean Bottling. This Agreement does not create a partnership between Consultant and Clean Bottling.

2. **CONSULTANT's CONSIDERATION:** Consultant shall confer with and make recommendations to Clean Bottling in its strategic business endeavors as requested by Clean Bottling and/or its authorized officers and directors. Consultant shall not provide legal services.

3. **CLEAN BOTLING's CONSIDERATION:** On the last business day of each month beginning with January 31, 2024 and ending with December 31, 2024, Clean Bottling shall pay to Consultant a monthly retainer fee of $10,000.00.

4. **CONFIDENTIALITY:** The terms of this Agreement and any information exchanged between the Parties in the performance of duties hereunder shall be kept strictly confidential *except* if the disclosure is required pursuant to law.

5. **TERM:** The Term of this Agreement commences on the Effective Date and ends on December 31, 2024.

6. **TERMINATION:** This Agreement may be terminated by either Party only for the other Party's gross malfeasance or a material breach in the performance of duties hereunder. The notice of termination shall specify the event of gross malfeasance or material breach. The notice shall be given by any documented written method designed to give the recipient actual notice, such as email, certified mail, or similar. The notice Termination shall be effective thirty (30) days after the notice of termination is received by the terminated Party.

7. **GOVERNING LAW:** This Agreement shall be governed by and construed in accordance with the laws of the State of Arizona.

8. **AMENDMENTS:** Any amendments made to this Agreement shall be in writing signed by both Parties.

**9. ACCEPTANCE:** This Agreement may be executed electronically.

EXECUTED this 5th day of December, 2023.

| **CLEAN BOTTLING, INC.** | **CONSULTANT** |
|---|---|
| _____ | _____ |
| By: Steven Delaportas | Peter Strojnik |
| Its Authorized Agent | |

7