

FILED

3:34 pm, 10/31/25

**Margaret Botkins
Clerk of Court**

Peter Strojnik
7847 N. Central Ave
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| PETER STROJNIK,<br><br>  Plaintiff<br><br>  v.<br><br><br>CLEAN BOTTLING, INC. a Wyoming Corporation<br><br><br>  Defendant. | Case No. 2:25-cv-00216-ABJ<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
|---|---|

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff Peter Strojnik ("Plaintiff") respectfully moves the Court to enter a default judgment and other relief against Defendant Clean Bottling, Inc. given its failure to properly answer Plaintiff's complaint or otherwise defend this action. Default was entered against Clean Bottling on October 31, 2025 (ECF No. 6) Accordingly, Clean Bottling, Inc.'s liability for Plaintiff's claims for Plaintiff's breach of contract claims and associated claims is clear and undisputed. This Court should enter a default judgment against Clean Bottling, Inc. (1) for the sum certain of $120,000.00, plus interests and costs, *see* Complaint, ECF No. 1 counts One, Two and Three, and (2) for a declaration that Defendant Clean Bottling, Inc. was acting as the alter ego for its sole owner, Mr. Steven Delaportas, and that Clean Bottling, Inc. is not entitled to a status as a separate and distinct entity from Mr. Steven Delaportas which entitles Plaintiff to pierce its corporate veil.

In support of this Motion, Plaintiff states:

1. Defendant Clean Bottling, Inc. is a Wyoming corporation.

2.  Plaintiff properly served the Summons and the Complaint on Clean Bottling on October 7, 2025 and the Answer was due on October 28, 2025.

3.  On October 29, 2025, Plaintiff filed his Application for the Entry of Default which was entered by the Clerk of the Court on October 31, 2025. ECF No. 7.

4.  Despite having actual notice of this case and being properly served with the Summons and Complaint, Defendant Clean Bottling, Inc. has failed to answer, plead, defend, or otherwise appear in this case.

5.  Based on the entry of default, Plaintiff's well pleaded factual allegations in the Complaint relating to liability are taken as true – establishing that Clean Botling, Inc. is liable on Plaintiff's Claims. As a result, the Court should now enter a default judgment against Clean Bottling, Inc.

6.  This Motion is based upon the Complaint, and the below Memorandum of Admitted Fact and of Law.

## MEMORANDUM OF ADMITTED FACTS AND OF LAW

### A. FACTS ALLEGED IN THE COMPLAINT ADMITTED AS A MATTER OF LAW

The filing of the current Complaint in the U.S. District Court for the District of Wyoming as a result of a dismissal of Clean Bottling, Inc. without prejudice for lack of personal jurisdiction in the Maricopa County Superior Court, Arizona, cause number CV2024-006019.

Under the heading *Allegations Leading To The Breach of Contract*, ECF 1 at ¶¶ 5-12, Plaintiff alleges that in late 2022, Plaintiff was recruited by a non-party Le Nid USA, Inc. ("Le Nid") to provide "on call" consulting services at the retainer rate of $10,000.00. The Consulting Agreement was executed by non-party Steven Delaportas, *a/k/a* Steven *Dellaportas* (hereafter "Steven Delaportas").

In July of 2023, Le Nid breached the consulting agreement with Plaintiff. At the time, the claim for breach of the Consulting Agreement was valued at $180,000.00 representing 18 months of non-payment.

On December 4, 2025, Steven Delaportas on behalf of Le Nid offered to settle the breach of the Le Nid Consulting agreement by payment of $60,000.00 in exchange for

2

release of the Le Nid parties. As incentive for Plaintiff to enter the settlement agreement with Le Nid, Delaportas, in his capacity as the CEO of Defendant Clean Bottling, Inc., offered to enter into a new consulting agreement between Clean Bottling, Inc. and Plaintiff for a period of one year from January 1, 2024 to December 31, 2024 at a rate of $10,000 pr month.

Plaintiff accepted the offer of $60,000 to settle and release the Le Nid claims and parties, and entered into a new consulting agreement with Defendant Clean Bottling, Inc. A copy of the written confirmation of the oral Clean Bottling consulting agreement is appended as Exhibit 1, *Proposed Written Confirmation of the Oral Clean Bottling Consulting Agreement.*

As soon as the oral Clean Bottling Consulting Agreement was made between Plaintiff and Clean Bottling, Inc., Clean Bottling breached it.

Plaintiff's Complaint in this Court, ECF 1, alleges that Plaintiff, a citizen of the State of Arizona, and Defendant Clean Bottling, Inc., a citizen of the State of Wyoming, entered into a one year oral consulting agreement commencing on January 1, 2025 and ending on December 31, 2025. In Count One, Plaintiff alleges that Defendant breached the consulting agreement and was damaged in the sum of $120,000.00. In Count Two, Plaintiff alleges that Clean Bottling, Inc. fraudulently induced Plaintiff to enter the Consulting Agreement by virtue of its lack of intent to perform. *See Meyer v. Ludvik*, 680 P. 2d 459, 463-64 (WY S.C. 1984). In Count Three, Plaintiff alleges that Clean Bottling, Inc. breached the covenant of good faith and fair dealing. In Count Four, Plaintiff alleges that the Consulting Agreement was agreed to by Clean Bottling, Inc.'s CEO Steven Delaportas. *See* Complaint at ¶9. Count 4 also alleges that Clean Bottling "ceased[s] to be separate from its owner and control person [Steven] Delaportas because it engaged in conduct resulting in unjust and inequitable consequences". *Id.* at ¶31. Plaintiff further alleges that Clean Bottling cannot be accorded the status of a separate entity from Mr. Delaportas because it was/is insufficiently funded to perform its corporate functions, it failed to follow corporate structure, and was used as the alter ego of Steven Delaportas. *Id.* at ¶32. For these reasons, "Plaintiff requeste[d] a declaratory

3

judgment that at times relevant to this Complaint, Defendant Clean Bottling cannot be accorded the treatment as a distinct and separate entity". *Id.* at ¶34.

**B. LEGAL PREDICATES SUPPORTING THE ENTRY OF DEFAULT JUDGMENT**

   **1. Jurisdiction and Venue are Proper in This Court**

Plaintiff Peter Strojnik is a single man residing in Phoenix, Arizona. Defendant Clean Bottling, Inc.'s corporate citizenship is in the State of Wyoming.

This Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 based on the following:

A. Plaintiff is a citizen of the state of Arizona; and

B. Defendant Clean Bottling, Inc. was incorporated in Wyoming making it a citizens of the State of Wyoming; and

C. The amount in controversy, including (1) compensatory and punitive damages, (2) attorney's fees, and (3) avoidance of fraudulent transfers greatly exceed the statutory threshold of $75,000.00.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because Defendant's corporate citizenship is within this District.

   **2. Default Judgment against Clean Bottling, Inc. is Appropriate and Necessary**

Plaintiff properly effected service of process on Clean Bottling, Inc. on October 7, 2025, and the responsive pleading was due on October 28, 2025. ECF 4. Defendant failed to appear, answer, plead, or otherwise defend this action and the Clerk entered default against it on October 31, 2025 ECF No 7. Because it is appropriate for an entry of default to be entered, Plaintiff now moves for default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

Because the Clerk has entered default, Plaintiff's well pleaded factual allegations in the complaint relating to liability are taken as true. *See, e.g., Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) ("defendant, by his default admits the Plaintiff's well-pleaded allegations of fact"); *see also, Aubon Pin Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (holding that district court erred by not accepting as true all factual allegations of complaint except those relating to damages). A decision "to enter

4

judgment by default is committed to the sound discretion of the district court." *Dennis Garberg & Assocs. V. Pack-Tech. Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997). A court may enter a default judgment when the non-moving party has "failed to plead or otherwise defend" itself in the action, and the decision to grant or deny default judgment lies within the court's discretion. *See Olcott v. Del. Flood Co.,* 327 F.3d 1115, 1124 (10th Cir. 2003). "Where the complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate." *Egan v. Dice Partners, Inc.,* No. 2:13-CV-00023-ABJ, 2016 WL 393867, at *8 (D. Wyo. Feb. 1, 2016) (quoting *Top Rank, Inc. v. Fey*, 2009 WL 1384171, at *3 (D. Colo. May 15, 2009)… "While the court should accept the plaintiff's well-pled factual allegations as true, a defendant's default does not guarantee a judgment in favor of the moving party." *OTO Software, Inc. v. Highwall Techs., LLC*, 2011 WL 3236049, at *4 (D. Colo. July 5, 2011), report and rec. adopted, 2011 WL 3235707 (D. Colo. Jul. 27, 2011). In addition, "[a] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation*." Craig Cunningham v. Technologic USA, Inc.*, No. 19-CV-231-F, 2020 WL 10356245 * 3 (D. Wyo. June 17, 2020) (quoting *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) (citations omitted))

### 3. Plaintiff Only Judicial Remedy is Judgment by Default

The entry of judgment by default is warranted here because Plaintiff has no other recourse. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006) ("[Plaintiff] would suffer prejudice if its motion for default judgment were denied because it would be without other recourse for recovery.") (internal citations omitted*); see also Amini Innovation Corp. v. KTY Int'l Mktg*., 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011). In other words, if the Court does not enter a default judgment, then the party to be prejudiced is Plaintiff, not Defendant Clean Bottling, Inc. because Clean Bottling, Inc. could avoid liability simply by not responding to Plaintiff's claims, and Plaintiff would be left without recourse.

### 4. Plaintiff's Claims are Meritorious

Upon entry of default, the factual allegations of the complaint must be taken as true. The allegations here are clear, unambiguous and meritorious. Defendant's claims

for breach of contract, breach of the implied covenant of good faith and fair dealing, and of fraud for Clean Bottling's inability and intent to not perform are meritorious and legally enforceable pursuant to Wyoming law. Plaintiff's claim for declaratory judgment is proper pursuant to Wyoming's version of the Uniform Declaratory Judgment Act which provides, in W.S.1-37-102, *Scope and General Consideration* that the Court "may declare rights, status and other legal relations" between parties. "The declaration may be either affirmative or negative in form and effect". *Id.* In his Declaratory Judgment count, Plaintiff requests a declaration that the status of Defendant Clean Bottling, Inc. is not that of an independent legal entity but a mere alter ego of Stephen Delaportas. Plaintiff alleged that Clean Bottling, Inc. ceased to be separate from Steven Delaportas because:

1. It engaged in conduct resulting in unjust and inequitable consequences, that is, it induced Plaintiff to enter into a $120,000 contract without having the intent or the ability to perform, Complaint at ¶31; and
2. It was insufficiently funded to perform its corporate functions, Complaint at ¶32; and
3. It failed to follow corporate structure, Complaint at ¶32; and
4. Was actually used as Steven Delaportas' alter ego, Complaint at ¶32; and
5. For the above reasons, Clean Bottling cannot be accorded treatment as a distinct separate entity and that Plaintiff is entitled to pierce its corporate veil. Complaint at ¶34.

**CONCLUSION AND PRAYER FOR RELIEF**

For these reasons, Plaintiff respectfully requests that this Court grant this Motion for Default Judgment against Clean Bottling, Inc. and enter the Proposed Default Judgment filed along with this Motion.

RESPECTFULLY SUBMITTED this 31st Day of October, 2025

Peter Strojnik
Plaintiff

Electronically submitted to wydnewcase@wyd.uscourts.gov pursuant to U.S.D.C.L.R. 5.1(f) and Doc. #3.