

**FILED**

9:14 am, 11/24/25

**Margaret Botkins**
**Clerk of Court**

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

PETER STROJNIK,

Plaintiff,

v.

Case No. 25-CV-216-ABJ

CLEAN BOTTLING, INC., a Wyoming
Corporation,

Defendant.

## ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR LACK OF JURSIDICTION

This matter comes before the Court on its own notice. On September 11, 2025, Plaintiff filed his pro se complaint against Clean Bottling Inc., a Wyoming Corporation. (ECF No. 1). On October 14, 2025, Plaintiff filed the executed summons, showing service on Defendant's registered agent on October 7, 2025, and requiring an answer or other responsive pleading by October 28, 2025. (ECF No. 4). On October 29, 2025, Plaintiff sought a motion for entry of default because Defendant failed to file an answer. (ECF No. 5). The Clerk entered default on October 31, 2025. (Doc. 7). On the same day, Plaintiff filed his motion for default judgement. (ECF No. 8).

In reviewing the motion for default judgement, the Court checked the Wyoming Secretary of State's website to confirm that Defendant was a Wyoming corporation and the

address of the registered agent for service.[1] However, at that time, the Court noted that Defendant's principal place of business is listed at 4400 N. Scottsdale Rd., Suite 308, Scottsdale, AZ 85251. The Court may take judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court finds it is appropriate to take judicial notice of Defendant Bottling Inc.'s articles of incorporation and other business filings showing that their principal place of business is in Arizona. Given that Defendant's principal place of business is in Arizona and Plaintiff is a citizen of Arizona, it does not appear the Court has jurisdiction over this case.

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)).

> Under 28 U.S.C. § 1332(a), federal district courts have jurisdiction over civil suits between "citizens of different States." Diversity jurisdiction requires complete diversity, *Strawbridge v. Curtiss*, 7 U.S. 267, 267, 3 Cranch 267, 2 L.Ed. 435 (1806), meaning that "no plaintiff may be a citizen of the same state as any defendant," *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). "[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569–70, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004).

---

[1] This information can be found on the Wyoming Secretary of State's website at https://wyobiz.wyo.gov/Business/FilingDetails.aspx?eFNum=0042142091061250901141 06015041137194029023225238.

*ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1303 (10th Cir. 2025). "For corporations, Congress has carefully defined their citizenship in the text of 28 U.S.C. § 1332(c)(1): a corporation is 'deemed' a citizen of every state 'by which it has been incorporated' and of the state "where it has its principal place of business." *Id.* at 1303-4. Given the information before the Court that Defendant Clean Bottling Inc.'s principal place of business is in Arizona and Plaintiff is from Arizona, it does not appear complete diversity exists in this case.

**IT IS ORDERED** that Plaintiff shall have until December 5, 2025, to provide the Court with information as to why this case should not be dismissed for lack of jurisdiction based on a lack of complete diversity between the parties.

Dated this 21st day of November 2025.

Alan B. Johnson
United States District Judge