Peter Strojnik
7847 N. Central Ave
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| PETER STROJNIK, <br><br> Plaintiff <br><br> v. <br><br><br> CLEAN BOTTLING, INC. a Wyoming Corporation <br><br><br> Defendant. | Case No. 2:25-cv-00216-SPK <br><br> **PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE ECF 11** |
|---|---|

## INTRODUCTION AND SUMMARY

An action against Defendant Clean Bottling, Inc. ("CBI") was initially brought in the Maricopa County Superior Court, Arizona. There, CBI claimed that it was not subject to personal jurisdiction in the State of Arizona. The Arizona Court agreed and, by minute entry dated August 11, 2025, dismissed CBI for lack of personal jurisdiction. As a consequence of the dismissal without prejudice, Plaintiff filed the case sub judice on September 11, 2025. On October 14, 2025, the Arizona Court signed a formal final Judgment dismissing CBI for lack of personal jurisdiction without prejudice. Exhibit 1.

The Court's Order to Schow cause notes that CBI's corporate filings with the Wyoming Secretary of State list CBI's principal place of business as 4400 N. Scottsdale Rd., Suite 308, Scottsdale AZ 85251. The listed address is a UPS mail drop box. *See* photos of location and the mail drop box number 308, Exhibit 2.

28 USC. 1332 (c)(1) provides, as relevant here, that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business". The here is

1

whether CBI is a citizen of *only* Wyoming where it was incorporated, or whether it is *also* a citizen of Arizona where it lists a mail drop box as its "principal place of business".

Arizona Judgment includes the implicit and indispensable finding that CBI is subject *neither* to general *nor* specific personal jurisdiction in Arizona.

The U.S. Supreme Court case *Motor Co. v. Mont. Eighth Jud. Dist. Ct.,* infra, held that general personal jurisdiction exists if and only if a corporate defendant's "state of domicile" is the forum state. The Arizona Court's finding that it lacked personal jurisdiction over CBI determined that Arizona is not CBI's "state of domicile". Plaintiff further submits that the term "state of domicile" in *Ford Motor* and the term "principal place of business" in 28 USC. 1332 (c)(1) are jurisdictionally interchangeable.

Further, in *Hertz Co. v. Friend,* 599 U.S. 77, 95-96 (2010), the Supreme Court held that the term "principal place of business", must be analyzed in terms of a "nerve center". The "nerve center" test inquires where "the center of overall direction, control, and coordination" of a corporation, as well as where the top officers of the corporation are located and where "the bulk of a company's business activities visible to the public take place." *Id.*

Arizona Court's dismissal of CBI for lack of personal jurisdiction implicitly and indispensably found that Arizona is not CBI's "principal place of business", 28 USC. 1332 (c)(1), nor is it CBI's "place of domicile", *Motor Co.* nor is it CBI's "nerve center" *Hertz*.

In addition and as more fully developed below, CBI has closed all its operations, it has been sued by a variety of contractors, it recently suffered default judgments totaling $645,000.00, it remains subject to numerous other lawsuits, and the current CEO and Director Diapeng Ma, cannot be found within in the State of Arizona or anywhere else in the United States.

**MEMORANDUM**

A corporation is a citizen of both the place of incorporation and the place of its "nerve center". *Hertz*. Here, the place of CBI's incorporation is the State of Wyoming. The Wyoming Secretary of State filings indicate that the CBI lists its principal address as

"4400 N. Scottsdale Rd., Suite 308, Scottsdale Arizona". This is a 4" x 6"x 10" ± UPS mail drop. Exhibit 2.

The disclosure of the principal office in corporate filings with the State of Incorporation is not conclusive to the question of "nerve center" of a corporation, *Hertz*. What is conclusive, however, that is that it is physically impossible to conduct business from a UPS mail drop. It is just too small. It is also conclusively established that CBI suffered Default Judgments in the amount of $645,000.00 ±, Exhibits 3 and 4. with other lawsuit still pending, and that CBI ceased doing business in 2024. At the time of the Complaint in this matter on September 11, 2025, Clean Bottling did not conduct any business in the State of Arizona. It's "principal place of business", if any, is not in Arizona. Therefore, by virtue of its incorporation in the State of Wyoming, diversity of citizenship grants this Court subject matter jurisdiction.

In the event that the Court finds that Plaintiff's facts showing that CBI conducts no business in Arizona is insufficient, Plaintiff respectfully requests that the Court issue the Subpoena Dices Tecum to CBI requiring it to produce its corporate and business records and grant Plaintiff leave to amend this Response until after CBI's production.

### MEMORANDUM

**1. Effect of Arizona's Court's Finding of Lack of Personal Jurisdiction over CBI.**

Arizona Court may exercise personal jurisdiction over a defendant "to the maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a). To satisfy constitutional requirements, a defendant must have "sufficient contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Plan. Grp. of Scottsdale, L.L.C. v. Lake Mathews Min. Props., Ltd.,* 226 Ariz. 262, 266, ¶ 14 (2011) (internal quotations omitted). Personal jurisdiction may be general or specific. *Id.* at 265, ¶ 13.

General jurisdiction extends to all claims brought against a defendant, even when the facts have no connection to the forum. *Wal-Mart Stores, Inc. v. LeMaire,* 242 Ariz. 357, 359, ¶ 4 (App. 2017). "Only a select set of affiliations with a forum will expose a defendant to such sweeping jurisdiction." *Ford Motor Co. v. Mont. Eighth Jud. Dist.*

*Ct.,* 592 U.S. 351, 358 (2021) (internal quotations omitted) ("*Ford Motor*"). An individual is subject to general jurisdiction in their state of domicile. *Id.* at 358-59. A non-resident is subject to general jurisdiction if their contacts with the forum state are so continuous and systematic that they are essentially at home there. *Wal-Mart,* 242 Ariz. at 359, ¶ 4.

As the US Supreme Court noted in *Ford Motor,* a party is subject to general jurisdiction "in their state of domicile". By holding that the Arizona lacked personal jurisdiction over CBI, The Court by necessity determined that Arizona is not CBI's "state of domicile". Further, CBI's contacts were not "so continuous and systematic that they are essentially at home" in Arizona. *Wal-Mart.*

Specific jurisdiction requires "sufficient contacts" that demonstrate (1) purposeful conduct by the defendant targeting the forum, rather than accidental or casual contacts or those brought about by the plaintiff's unilateral contacts, (2) a nexus between those contacts and the claim asserted, and (3) that the exercise of jurisdiction would be reasonable. *Beverage v. Pullman & Comley, LLC,* 232 Ariz. 414, 417, ¶ 9 (App. 2013).

By denying personal jurisdiction, the Arizona Court confirmed that CBI's contacts with Arizona did not demonstrate a purposeful conduct targeting Arizona, that there was no nexus between Plaintiff's claim and CBI's contacts with Arizona, and that the exercise of personal jurisdiction would be unreasonable.

Plaintiff does not claim that the Arizona Court's dismissal of CBI on personal jurisdiction grounds collaterally estops or otherwise precludes this Court from independent review of its own jurisdiction. Plaintiff offers the Arizona Judgment because it is helpful in determining whether Arizona is CBI's "principal place of business", its "domicile" or the "nerve center" of its operations. The Arizona Court, after full briefing on the issue, found that Arizona is none of these. Plaintiff respectfully requests that this Court take judicial notice of the Arizona Judgment and the implicit and indispensable findings contained in it.

**2. Facts Showing that CBI conducts no business in Arizona**

On March 9, 2023, CBI filed its Articles of Incorporation in Wyoming. CBI listed its principal address, its mailing address, and Mr. Delaportas mailing address as 4400 N. Scottsdale Rd., Scottsdale, Arizona 85251. Exhibit 5.

On November 17, 2023, CBI filed the Application for Authority to conduct business in Arizona. Exhibit 6. This time, CBI listed the principal office address as 1603 Capitol Ave., Suite 310, Cheyenne, WY 82001, and the address of Incorporator and control person Mr. Steven Delaportas as the mail drop at 4400 N. Scottsdale Rd., Suite 308, Scottsdale, Arizona 85251.

On November 17, 2023, and up to May 30, 2024, CBI's Mr. Delaportas was acting as the CEO[1] of Le Nid Consortium International, Inc. ("LNCI") at 6901 E. Camelback Road, Suite B300 in Scottsdale, AZ 85251. Following a complete ruin of LNCI, on or about May 30, 2024, Mr. Delaportas closed LNCI's doors and moved his various operations to 1375 N. Miller Rd. in Tempe. Mr. Delaportas remained at 1375 N. Miller Rd. for several months during 2024. *Declaration of Peter Strojnik*, Exhibit 7.

On March 1, 2025, CBI filed its 2025 Annual Report in Wyoming. The Annual Report substituted Mr. Delaportas with a Diapeng Ma as CBI's officer and director. The address listed for Mr. Ma was the mail drop box at 4400 N. Scottsdale Rd., Suite 308, Scottsdale, Arizona 85251. Exhibit 8.

On March 19, 2025, CBI filed its Arizona Annual Report, removing Mr. Delaportas as the officer and director, and substituted Diapeng Ma:

---

[1] Corporate filings indicate that Mr. Delaportas was never an actual CEO of Le Nid Consortium International, Inc.

5

**KNOWN PLACE OF BUSINESS**
4400 N Scottsdale Rd, Suite 308, SCOTTSDALE, AZ 85251

**PRINCIPAL OFFICE ADDRESS**
1603 Capitol Ave, Suite 310, CHEYENNE, WY 82001

**PRINCIPAL INFORMATION**
Director: Diapeng Ma - 4400 N Scottsdale Rd, Suite 308, SCOTTSDALE, AZ, 85251, USA - - Date of Taking Office:
President/CEO: Diapeng Ma - 4400 N Scottsdale Rd, Suite 308, SCOTTSDALE, AZ, 85251, USA - - Date of Taking Office:

**SIGNATURE**
President/CEO: Diapeng Ma - 03/19/2025

Exhibit 9.

On June 4, 2025, CBI suffered a Default Judgment in the amount of $600,000.00 in the United States Bankruptcy Court for the District of Arizona. Exhibit 3. On June 16, 2025, CBI suffered another $44,490.75 Default Judgment in the US District Court for the District of Arizona. Exhibit 4. Additional lawsuits were filed against CBI in the Maricopa County Superior Court in 2024 and 2025:

| Case Number | Party / Business Name |
| --- | --- |
| CV2024-025552 | Clean Bottling Inc |
| CV2024-029051 | Clean Bottling Inc |
| CV2025-006017 | Clean Bottling Inc |
| CV2025-006019 | Clean Bottling Inc |
| CV2025-028658 | Clean Bottling Inc |
| CV2025-031139 | Clean Bottling Inc |

Exhibit 7, Strojnik Declaration

**3. Who is CBI's New Officer and Director Mr. Diapeng Ma?**

Part of the inquiry into the location of the "nerve center" is to determine the location where CBI holds administrative offices, production facilities, employees etc. *Amoco Rocmount Co. v. Anschutz Corp.,* 7 F.3d 909, 914-915 (10th Cir.1993). (quoting 13B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3625, at 129 (2d. ed. Supp.1993)). The 10th Circuit Court of Appeals adopted the "total activity" approach to the principal place of business determination, in which a court "considers a variety of factors, such as the location of the corporation's nerve center, administrative offices, production facilities, employees, etc., and it balances these factors in light of the facts of each case." *Id.* at 915 (quoting *White v. Halstead Indus., Inc.,* 750 F.Supp. 395, 398 (E.D.Ark.1990))

The query where CBI engages in "total activity" obviously depends on where its Officer and Director Mr. Diapeng Ma conducts CBI's business..

But there seems to be no Mr. Diapeng Ma in Arizona or elsewhere in the United States. Plaintiff conducted a thorough research of the filings with the Arizona Secretary of State, Private Background Search engine Instant CheckMate, PACER, Maricopa County Superior Court civil docket, LinkedIn, Facebook, X, Artificial Intelligence, and general google search for "Diapeng Ma". There were no hits. Diapeng Ma does not seem exist. *Strojnik Declaration,* Exhibit 7.

The replacement of Mr. Delaportas with Mr. Ma is consistent with Plaintiff's cautionary letter to the Wyoming Secretary of State dated August 23, 2024, in which Plaintiff cautioned the Honorable Chuck Gray of the apparent misuse of the Wyoming incorporation system. Exhibit 10. (Attachments Omitted).

So where does this leave us? CBI and Diapeng Ma are nowhere to be found in the State of Arizona. They conduct no business in Arizona. They have no office in Arizona. They have no production facilities in Arizona. They have no income in Arizona. They have no employees in Arizona. They maintain no "nerve center" in Arizona or, for that matter, anywhere else in the United States. All that is left is CBI's incorporation in and its jurisdictional citizenship in the State of Wyoming.

7

**CONCLUSION AND PRAYER FOR RELIEF**

"[A] corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg v. Kinder Morgan Energy Partners, L.P.,* 805 F.3d 901, 905 (10th Cir. 2015) (citing 28 U.S.C. § 1332(c)(1)). CBI is not a citizen of the State of Arizona, but it is a citizen of Wyoming. On this basis, Plaintiff request the entry of Judgment by Default.

In the abundance of caution, should the Court find that this Response and the attached Exbibits and Declaration of Peter Strojnik are insufficient to show the CBI conducts no business in Arizona, Plaintiff respectfully requests the issuance of a Subpoena Duces Tecum ordering CBI to produce all corporate and business records on the form attached as Exhibit 11.

RESPECTFULLY SUBMITTED this 25TH day of November, 2025

Peter Strojnik
Plaintiff

Electronically submitted to wydnewcase@wyd.uscourts.gov pursuant to U.S.D.C.L.R. 5.1(f) and Doc. # 3.

/s/ Peter Strojnik