**FILED**



**2:24 pm, 4/17/26**

**Margaret Botkins**
**Clerk of Court**

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

PETER STROJNIK,

      Plaintiff,

    v.

CLEAN BOTTLING, INC., a Wyoming
Corporation,

      Defendant.

Case No. 25-CV-216-ABJ

---

### ORDER DISMISSING CASE FOR LACK OF JURSIDICTION

---

This matter is before the Court on its own notice. On September 11, 2025, Plaintiff filed his pro se complaint against Clean Bottling Inc., a Wyoming Corporation. (ECF No. 1). On October 14, 2025, Plaintiff filed the executed summons, showing service on Defendant's registered agent on October 7, 2025, and requiring an answer or other responsive pleading by October 28, 2025. (ECF No. 4). On October 29, 2025, Plaintiff sought a motion for entry of default because Defendant failed to file an answer. (ECF No. 5). The Clerk entered default on October 31, 2025. (ECF No. 7). On the same day, Plaintiff filed his motion for default judgment. (ECF No. 8).

In reviewing the motion for default judgment, the Court checked the Wyoming Secretary of State's website to confirm that Defendant was a Wyoming corporation and the

address of the registered agent for service.[1] However, at that time, the Court noted that Defendant's principal place of business is listed at 4400 N. Scottsdale Rd., Suite 308, Scottsdale, AZ 85251. The Court then entered an order to show cause, directing Plaintiff to show how this court had diversity jurisdiction in this case.

In response Plaintiff provided information that the address on the Secretary of State's website was a post office box. Plaintiff argues that this is too small to conduct business from. In support of its position that Defendant is not a resident of Arizona, Plaintiff points to a decision from an Arizona state court asserting that it did not have jurisdiction over Defendant. Plaintiff also asserts that Defendant's new director Diapeng Ma does not exist in Arizona.

Yet in reviewing the attachments to Plaintiff's response, all of the information indicates that all Defendant's activities took place in Arizona. Steven Delaportas, who allegedly contracted with Plaintiff, resides in Arizona. Plaintiff's affidavit indicates that his interactions with Steven Delaportas occurred in Arizona. (EFC No. 12-7, ¶ 2). While Plaintiff asserts that the case he filed in Arizona was dismissed for lack of personal jurisdiction in the State of Arizona, he did not provide those filings, only the award of fees, which does not explain the basis for the dismissal of the complaint. (ECF No. 12-1). Plaintiff also provided Defendant's registration with the Arizona Corporation Commission as a foreign corporation doing business in Arizona. (ECF No. 12-9 at 1). That document

---

[1] This information can be found on the Wyoming Secretary of State's website at https://wyobiz.wyo.gov/Business/FilingDetails.aspx?eFNum=004214209106125090114106015041137194029023225238.

also indicates that Defendant's place of business is in Arizona. (*Id.*). Generally, it appears that Plaintiff's main argument is that Defendant does not really operate from anywhere. While that may be the case, the information before the Court is that Defendant's principal place of business is in Arizona.

As the Court stated, "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)).

> Under 28 U.S.C. § 1332(a), federal district courts have jurisdiction over civil suits between "citizens of different States." Diversity jurisdiction requires complete diversity, *Strawbridge v. Curtiss*, 7 U.S. 267, 267, 3 Cranch 267, 2 L.Ed. 435 (1806), meaning that "no plaintiff may be a citizen of the same state as any defendant," *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). "[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569–70, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004).

*ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1303 (10th Cir. 2025). "For corporations, Congress has carefully defined their citizenship in the text of 28 U.S.C. § 1332(c)(1): a corporation is 'deemed' a citizen of every state 'by which it has been incorporated' and of the state 'where it has its principal place of business.'" *Id.* at 1303-4. Given the information before the Court, Defendant Clean Bottling Inc.'s principal

place of business is in Arizona and Plaintiff is an Arizona resident, thus diversity jurisdiction does not exist in this case.

Additionally, while not a proper claim for relief, one of Plaintiff's requests is to pierce Defendant's corporate veil, apparently to hold Steven Delaportas personally liable for Defendant's actions. First, this claim is improper because Plaintiff failed to serve the complaint on Delaportas, thus the Court lacks jurisdiction to enter any relief against him. More importantly, all the information indicates that Delaportas is also a citizen of Arizona, which further indicates that Defendant's principal place of business is in Arizona.

The Court will not issue subpoenas on Plaintiff's behalf. Plaintiff has had ample time to subpoena documents from Defendant to support his request. Additionally, he could have sought more time to respond to seek that documentation. There is no basis for the Court to find that Defendant's principal place of business is anywhere other than Arizona, where it entered into the alleged oral contract with Plaintiff and every other action appears to have taken place, including other default judgments, which were entered in Arizona courts. (ECF Nos. 12-3, 12-4).

Finally, the Court would note that even if it had jurisdiction, it would not provide Plaintiff with the requested default judgment, because Plaintiff has failed to assert that he created a binding oral contract with Defendant and the terms of that contract.

For these reasons, the Court finds that it is proper to dismiss this case without prejudice for lack of subject matter jurisdiction.

**IT IS ORDERED** that this matter is DISMISSED WITHOUT PREJUDICE for

lack of subject matter jurisdiction.

Dated this  17th  day of November 2025.

Alan B. Johnson
United States District Judge